By the Court:
On the 15th day of December, 1891, a petition in error was filed in the circuit court to reverse a judgment of the court of common pleas, rendered on the 22d day of June, 1891. A summons in error was issued on the same day the petition was filed, but not served on the defendant in error until the 28th day of January, 1892, which was more than six months after the rendition of the judgment; and the circuit court ordered the case stricken from its docket for want of jurisdiction, for the reason that the service was not made within the time limited for the. commencement of the proceeding in error, though the petition in error was filed and the summons issued within that period, and the service was made within the return day named in the writ. This was error. A proceeding in error may be commenced at any time within six months after the rendition of the judgment, or the making of the final order complained of. Re *520 vised Statutes, section 6723. And, that section 4987, furnishes the rule, by analogy, for determining when such a proceeding shall be deemed commenced, has been several times decided by this court. Robinson v. Orr, 16 Ohio St., 285; Buckingham v. Bank, 21 Ohio St., 131; Bowen v. Bowen, 36 Ohio St., 312; Moore v. Chittenden, 39 Ohio St., 563. Under that section, an action is to be deemed commenced at the date of the summons which is served on a defendant, or one of several defendants who are united in interest; so that, by analogy, a proceeding in error must be deemed commenced when the petition in error has been filed, and a summons issued which, during the life of the writ, is served on the defendant in error; and, therefore, the proceeding in error is commenced in time when' the petition is filed and summons issued within the period limited by the statute for the commencement of such proceeding, though the service of the summons be not made until after the expiration of that period, the service being made within the return day of the writ. It has been suggested that a ^different holding was made in Bowen v. Bowen, supra. It is true, that standing alone, the language of the syllabus in that case is broad enough to warrant that suggestion, but when read in connection with the facts of that case, as it should be, it is apparent that it was not the intention of the court to so hold. It certainly was not necessary to the decision of the case, for the record of that case shows that no summons was issued until after the expiration of the time limited for the commencement of that proceeding in error. There can be no doubt that the mere filing of the petition in error, or the filing of the petition and issuing of a summons upon it, within the time pre *521 scribed for the commencement of such a proceeding, is ineffectual, where no service of the summons is made upon the defendant in error ; but where the petition is so filed and summons is so issued upon which service is duly obtained, the proceeding’ is commenced in proper time, although the service of the writ be made after the expiration of the statutory period. The service, when so made, relates back to the date of the writ, and completes,.as of that date, the commencement of the proceeding.

Judgment reversed and cause remanded to the circuit court.